UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH DEVINE,

    Petitioner,

Case No. 12-cv-13125

HONORABLE AVERN COHN

v.

LLOYD RAPELJE,

    Respondent.

_____/

## ORDER GRANTING PETITIONER'S MOTION TO HOLD PETITION IN ABEYANCE (Doc. 2) AND IMPOSING TIME LIMITS ON PETITIONER FOR EXHAUSTING HIS CLAIM(S) AND RETURNING TO THIS COURT AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES

I.  Introduction

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Joseph Devine is a state prisoner.  Petitioner was convicted by a jury of three counts of third-degree criminal sexual conduct, in violation of M.C.L. § 750.520d(1)(b).  The trial court, applying a fourth-offense habitual offender enhancement under M.C.L. § 769.12, sentenced Petitioner to three concurrent terms of 25 to 40 years' imprisonment.  Petitioner, through counsel, challenges his convictions and sentence.  Before the Court is Petitioner's motion to hold the petition in abeyance so that he may exhaust his state court remedies as to additional habeas claims.  For the reasons that follow, the motion will be granted.

II.  Background

Following his conviction, Petitioner filed an appeal of right to the Michigan Court of Appeals raising the following issues:

> 1. Did the insufficient evidence presented during the Defendant-Appellant's trial on the element of force and coercion, to support the Jury's verdicts of guilty beyond a reasonable doubt of three counts of third degree criminal sexual conduct (CSC), constitute a denial of the due process of law guaranteed by the Fifth Amendment to the United States Constitution?
>
> 2. Do the Defendant-Appellant's three concurrent sentences of from twenty five to forty years, imposed pursuant to his convictions for three counts of third degree csc as a fourth habitual offender, constitute a violation of the guarantee against cruel and unusual punishment provided by the United States Constitution and the guarantee against cruel and unusual punishment bu the United States Constitution and the guarantee against cruel or unusual punishment provided by the Michigan Constitution?

On November 18, 2010, the Michigan Court of Appeals denied Petitioner's appeal. People v. Devine, No. 294568, 2010 WL 4673656 (Mich. App. 2010).  On April 25, 2011, the Michigan Supreme Court denied leave to appeal in a standard order.  People v. Devine, 489 Mich. 899 (2011).

On July 16, 2012, Petitioner filed his federal petition.  The petition asserts the claims that were asserted in Petitioner's direct appeal.

As noted above, Petitioner has filed a motion to hold his habeas petition in abeyance.  Petitioner requests the petition be held in abeyance so that his counsel may file a motion for relief from judgment under M.C.R. § 6.500 et seq. in the state trial court and present at least one previously unexhausted claim.

III. Discussion

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. 28 U.S.C. § 2254(b)(1). Exhaustion requires the prisoner to give the state courts a full fair opportunity to resolve any federal constitutional issues "by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. Rust, 17 F.3d at 160.

Here, Petitioner says that he has not exhausted state remedies with regard to at least one additional claim. A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines v. Weber, 544 U.S. 269, 278 (2005)). Where a petitioner has good cause for failing to exhaust, his unexhausted claims are potentially meritorious, and there is no indication of dilatory tactics, the district court should generally stay, rather than dismiss, a mixed petition. Pace, 544 U.S. at 417 (citing Rhines, 544 U.S. at 278). A petitioner's "reasonable confusion about whether a state filing would be timely would ordinarily constitute 'good cause' for him to file in federal court." Id. (citing Rhines, 544 U.S. at 278).

Petitioner has filed the petition and motion to hold the petition in abeyance to avoid the consequences of the one-year statute of limitations applicable to federal habeas petitions. See Jimenez v. Quarterman, 555 U.S. 113, 114 (2009); 28 U.S.C. § 2244(d)(1). The statute of limitations is tolled during the period any "properly filed"

motion for post-judgment relief is pending in state court.  See 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection").  If, however, a state post-conviction motion is not properly filed in accordance with state law, the pendency of the motion does not trigger statutory tolling.  See Pace, 544 U.S. at 417 (untimely state post-conviction petition not "properly filed," does not toll statute of limitations).  At this point, it is not clear whether the state court will determine that Petitioner's motion is properly filed.  Even if the motion is ultimately determined to have been properly filed, little time remains on the one-year statute of limitations period.  Indeed, as Petitioner notes, the statue of limitations is due to expire on or about July 25, 2012.

Under these circumstances, a stay is appropriate.  Petitioner potentially has good cause for his failure to exhaust, his unexhausted claim is potentially meritorious, and there is no indication that he has engaged in intentionally dilatory litigation tactics.  The statute of limitations is close to expiring.

The Supreme Court in Rhines cautioned, however, that a district court's discretion in structuring the stay is limited by the timeliness concerns.  A stay should instead be explicitly conditioned on the prisoner's pursuing state remedies within a certain time period after the stay is entered and returning to federal court within a similarly brief period.  Rhines at 278.  The Court will therefore impose a stay conditioned on Petitioner's filing a motion for post-conviction relief with the appropriate state court within 90 days of the date of this order, if he has not filed such a motion already, and returning to this court within 90 days of the date state court exhaustion is completed.  If

the conditions of the stay are not met, "the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed.

IV.  Conclusion

For the reasons stated above, Petitioner's Motion to Hold Habeas Petition in Abeyance is GRANTED.

Petitioner may filed a post-conviction motion for relief from judgment with the appropriate state court within ninety (90) days of the date of this order.

This case shall be HELD IN ABEYANCE pending Petitioner's exhaustion of his state court remedies, provided that Petitioner files his post-conviction motion within ninety (90) days of the date of this order, and further provided that he returns to this Court within ninety (90) days of exhausting his state court remedies and files, in the above-captioned case, a motion to lift the stay and an amended petition and brief adding the exhausted claim(s).

The Clerk of the Court shall CLOSE this case for statistical purposes only.  Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

SO ORDERED.

Dated:  July 19, 2012          s/Avern Cohn
                               AVERN COHN
                               UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 19, 2012, by electronic and/or ordinary mail.

             s/Julie Owens
             Case Manager, (313) 234-5160