UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MARTIN DEVINE,

        Petitioner,               Civil Case No. 12-cv-13125

v.                                     Honorable Linda V. Parker

WILLIS CHAPMAN,

        Respondent.
_____/

## OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS THE PETITION AND DIRECTING HIM TO FILE AN ANSWER TO PETITIONER'S CLAIMS

Petitioner Joseph Martin Devine is a state prisoner in the custody of the Michigan Department of Corrections. Petitioner commenced this case in 2012 by filing a habeas corpus petition under 28 U.S.C. § 2254 and a motion to hold the petition in abeyance. (*See* ECF Nos. 1, 2.) At the time, the case was assigned to United States District Judge Avern Cohn, who granted Petitioner's motion to hold his petition in abeyance and closed the case for administrative purposes. (*See* ECF No. 3.) Over the next several years, Petitioner unsuccessfully pursued post-conviction remedies in state court.

On August 26, 2019, Petitioner returned to federal court and filed another habeas corpus petition, which was later filed in this case. (*See* ECF No. 6.) Judge Cohn then re-opened this case and ordered the State to file a responsive pleading.

(*See* ECF No. 7.)  The case subsequently was reassigned to the undersigned, and on November 9, 2020, Respondent filed a motion to dismiss the petition for failure to comply with the one-year statute of limitations.  (*See* ECF No. 12.)

Although Petitioner filed his initial petition in 2012 with only eight days remaining on the statute of limitations, he has complied with the conditions set forth in Judge Cohn's orders, and his post-conviction motions in state court tolled the limitations period.  Therefore, the Court finds that Petitioner's 2019 petition was filed in a timely manner.  Accordingly, the Court is denying Respondent's motion and ordering Respondent to file an answer to Petitioner's claims.

## I. Background

### A. The Convictions, Sentence, and Direct Appeal

On July 31, 2009, a jury in the Circuit Court for Oakland County, Michigan found Petitioner guilty of three counts of third-degree criminal sexual conduct in violation of Michigan Compiled Laws § 750.520d(1)(b) (sexual penetration of another person, using force or coercion).  (*See* 7/31/09 Trial Tr. at 105-106, ECF No. 13-5 at Pg ID 250.)  On August 24, 2009, the trial court sentenced Petitioner as a fourth habitual offender to three concurrent terms of twenty-five to forty years in prison.  (*See* 8/24/09 Sentencing Tr. at 18-19, ECF No. 13-6 at Pg ID 270-271); 8/24/09 Am. J. of Sentence, ECF No. 13-14 at Pg ID 437-438).

Petitioner appealed his convictions and sentence on the grounds that the evidence at trial was insufficient to support his convictions and that his sentence was cruel and unusual punishment. (*See* ECF No. 13-14 at Pg ID 358-359.) In a *pro se* supplemental brief, Petitioner argued that his trial attorney was ineffective for failing to move to suppress inadmissible evidence and that the trial court violated his right to due process by failing to give a proper cautionary jury instruction and by empaneling an anonymous jury. The Michigan Court of Appeals rejected these claims on direct appeal and affirmed Petitioner's convictions and sentence in an unpublished *per curiam* opinion. *See People v. Devine*, No. 294568, 2010 WL 4673656 (Mich. Ct. App. Nov. 18, 2010).

Petitioner raised the same claims and four new issues in an application for leave to appeal in the Michigan Supreme Court. (*See* ECF No. 13-15 at Pg ID 450-476.) On April 25, 2011, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented. *See People v. Devine*, 796 N.W.2d 88 (Mich. 2011). Petitioner did not seek a writ of certiorari in the United States Supreme Court, and the deadline for filing such a petition was July 24, 2011, ninety days after the Michigan Supreme Court's judgment. *See* Sup. Ct. R. 13.1 (stating that "a petition for a writ of certiorari to review a judgment in any case . . . entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment").

### B. The Initial Petition

On July 16, 2012, Petitioner filed his initial petition for the writ of habeas corpus through counsel. (*See* ECF No. 1.) In a motion filed with the habeas petition, Petitioner's counsel asked the Court to hold the habeas petition in abeyance for ninety days while counsel completed his review of Petitioner's case and either submitted a post-conviction motion in state court or filed a brief in support of the habeas petition. (*See* ECF No. 2.)

On July 19, 2012, Judge Cohn granted Petitioner's motion to hold his petition in abeyance, imposed time limits on Petitioner, and closed the case for administrative purposes. (*See* ECF No. 3.) Judge Cohn conditioned the stay on Petitioner doing two things: (1) filing a post-conviction motion for relief from judgment in state court within ninety days of the order; and (2) returning to federal court with an amended petition and motion to lift the stay within ninety days of exhausting state remedies. (*See id*. at Pg ID 12.) In a subsequent order, Judge Cohn extended the deadline for filing a post-conviction motion in state court to October 31, 2012. (*See* ECF No. 5.)

### C. State Collateral Review

On October 31, 2012, Petitioner filed a motion for relief from judgment in the state trial court (*see* ECF No. 13-8), and on January 20, 2015, he filed a supplemental brief in support of his motion (*see* ECF No. 13-9). Over two years

4

later, on May 12, 2017, the state trial court denied Petitioner's motion without prejudice for failure to comply with Michigan Court Rules 6.502(C) and 2.119(A)(2). The court stated that it was not aware of the motion until someone delivered a copy of the motion to the judge's chambers on May 3, 2017. *See People v. Devine*, No. 2009-226911-FH (Oakland Cnty. Cir. Ct. May 12, 2017); (ECF No. 13-10.)

Petitioner did not appeal the trial court's decision, and the deadline for seeking leave to appeal the trial court's decision in the Michigan Court of Appeals expired on November 12, 2017. *See* Mich. Ct. R. 7.205(A)(2) (indicating that an application for leave to appeal in a criminal case involving a final order must be filed within 6 months after entry of the order). On November 15, 2017, however, Petitioner filed another motion for relief from judgment (*see* ECF No. 13-12), and on March 8, 2018, the trial court denied Petitioner's motion. *See People v. Devine*, No. 2009-226911-FH (Oakland Cnty. Cir. Ct. Mar. 8, 2018); (ECF No. 13-13.)

Petitioner raised several claims about his sentence and former attorneys in a delayed application for leave to appeal the trial court's decision. (*See* ECF No. 13-16 at Pg ID 565-604.) On January 16, 2019, the Michigan Court of Appeals denied Petitioner's delayed application because he failed to establish that the trial court erred in denying his motion for relief from judgment. *See People v. Devine*, No. 345387 (Mich. Ct. App. Jan. 16, 2019); (ECF No. 13-16 at Pg ID 564.)

5

Petitioner then applied for leave to appeal in the Michigan Supreme Court. (*See* ECF No. 13-17 at Pg ID 828-835.) On July 29, 2019, the Michigan Supreme Court denied leave to appeal due to Petitioner's failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Devine*, 931 N.W.2d 339 (Mich. 2019).

### D.  The Second Habeas Petition, Motion to Dismiss, and Reply

On August 22, 2019, Petitioner signed and submitted another federal habeas corpus petition. The petition was treated as a new case, but ultimately filed in this case. (*See* ECF No. 6.) Judge Cohn then directed the Clerk of Court to re-open this case and serve the petition on Respondent. (*See* ECF No. 7.) Respondent subsequently filed his motion to dismiss the petition (*see* ECF No. 12), and Petitioner filed a reply in which he asks the Court to treat his 2019 petition as a supplement to his 2012 petition. (*See* ECF No. 14.)

## II. Discussion

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which establishes a one-year period of limitation for state prisoners to file a federal habeas corpus petition. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Sexton v. Wainwright*, 968 F.3d 607, 609-610 (6th Cir. 2020), *cert*. *denied*, 141 S. Ct. 1064 (2021). The one-year limitation period runs from the latest of the following four dates:

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). "The limitation period is tolled, however, during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Kholi*, 562 U.S. at 550-51 (quoting 28 U.S.C. § 2244(d)(2)).

Petitioner is not relying on a newly recognized constitutional right or on a new factual predicate that could not have been discovered through due diligence, and he has not shown that the State created an impediment to filing a timely petition. *Cf.* 28 U.S.C. §§ 2244(d)(1)(B)-(D). Therefore, his conviction became final at the conclusion of direct review.

Under § 2244(d)(1)(A), "direct review" concludes when the availability of direct appeal to the State courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review" — when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). A petition for a writ of certiorari to review the judgment of a state court of last review must be filed no later than ninety days after entry of the judgment. Sup. Ct. R. 13.1.

The Michigan Supreme Court denied leave to appeal on direct review on April 25, 2011, and because Petitioner did not seek a writ of certiorari in the United States Supreme Court, his conviction became final ninety days later, or on July 24, 2011. *Gonzalez*, 565 U.S. at 150; *Jimenez*, 555 U.S. at 119; Sup. Ct. R. 13.1. The statute of limitations began to run on the following day, *see* Fed. R. Civ. P. 6(a)(1)(A); *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002), and it ran uninterrupted until July 16, 2012, when Petitioner filed his first habeas corpus petition. By then, only eight days remained on the one-year limitation period. Judge Cohn, however, held the habeas petition in abeyance and ultimately gave Petitioner until October 31, 2012, to file a post-conviction motion in state court.

Petitioner complied with Judge Cohn's order by filing his first motion for relief from judgment in state court on October 31, 2012. The post-conviction motion tolled the limitation period. 28 U.S.C. § 2244(d)(2). About four and a half

8

years later, on May 12, 2017, the trial court denied Petitioner's motion without prejudice because he failed to comply with the Michigan Court Rules. Petitioner then had six months, until November 12, 2017, to appeal the trial court's order. *See* Mich. Ct. Rule 7.205(A)(2)(a) and Staff Comment to the 2011 Amendment.

Petitioner did not appeal the trial court's decision, and on November 13, 2017, the statute of limitations resumed running. *See Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016) (stating that "AEDPA's one-year statute of limitations was tolled during the period in which [the habeas petitioner] could have, but did not, appeal the Michigan Court of Appeals' denial of his motion for post-conviction relief"). The statute ran only two days, however, because on November 15, 2017, Petitioner filed another motion for relief from judgment, which once again tolled the statute of limitations. The motion remained pending in state court until July 29, 2019, when the Michigan Supreme Court denied leave to appeal. The statute of limitations resumed running on the following day because the limitation period is not tolled during the time that a habeas petitioner could have appealed to the United States Supreme Court following the conclusion of state collateral review. *Lawrence v. Florida*, 549 U.S. 327, 329, 332 (2007).

The limitation period ordinarily would have expired six days later on August 4, 2019, because the statute of limitations had already run 359 days: 357 days before Petitioner filed his initial habeas petition and 2 days between the deadline

9

for filing an appeal from the trial court's order on his first post-conviction motion and the filing of his second post-conviction motion. However, Judge Cohn stated in his 2012 order that this case would be held in abeyance if Petitioner returned to this Court within 90 days of exhausting state court remedies. (*See* ECF No. 3 at Pg ID 12.)

Petitioner complied with Judge Cohn's order by signing and submitting his second habeas petition to the Court on August 22, 2019, which was less than 90 days after exhausting state court remedies. Therefore, the Court finds that the 2019 habeas petition is timely.

Respondent correctly argues that a pending habeas petition does not toll the statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 180-81 (2001) (holding "that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)," and that "Section 2244(d)(2) therefore did not toll the limitation period during the pendency of [the prisoner's] first federal habeas petition"). But in *Walker*, the federal district court dismissed a habeas petition without prejudice due to the failure to exhaust available state remedies, and the petitioner filed a second, untimely habeas petition without first returning to state court to exhaust any state remedies. Petitioner's case is different in that Judge Cohn stayed, rather than dismissed, the first petition.

Moreover, the Supreme Court has stated that a prisoner seeking state post-conviction relief can avoid the predicament created by AEDPA's statute of limitation and the need to exhaust state remedies "by filing a protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269, 278 (2005)). Here, Petitioner filed a protective petition. Judge Cohn then stayed this case until Petitioner could exhaust state remedies for new claims. The stay protected Petitioner's right to return to federal court, as long as he complied with the conditions of the stay. He did.

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss (ECF No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that within three (3) months of this Opinion and Order, Respondent shall file an answer to Petitioner's claims as set forth in his initial habeas petition (ECF No. 1) and his supplemental petition (ECF No. 6).

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 30, 2021

11

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 30, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager
