UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MARTIN DEVINE,

        Petitioner,                          Case Number: 12-13125
                                                            Honorable Linda V. Parker

v.

WILLIS CHAPMAN,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Joseph Martin Devine has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for three counts of third-degree criminal sexual conduct in violation of Michigan Compiled Laws § 750.520d(1)(b) (sexual penetration of another person, using force or coercion). Devine raises six grounds for relief. The Court finds that Devine's claims do not warrant relief and denies the petition. The Court also denies a certificate of appealability and grants Devine leave to proceed *in forma pauperis* on appeal.

**I.     Background**

Devine's convictions arise from his assault of his partner, DH. DH and Devine began a relationship in 1991 and Devine moved into DH's home in 1992. (*See* ECF No. 13-4 at Pg ID 203.) On May 6, 2009, DH and a friend, Mary-Lynn

Britts, went to the Farmington Hills Police Department where they spoke with Detective Stacy Swanderski. (*Id.* at Pg ID 188.) DH told Swanderski that at about 3:00 a.m. that morning, Devine entered her bedroom (they slept separately) and forcefully pulled off her shorts and underwear. (*Id.*) Devine held a Pyrex baking dish filled with water and soap. (*Id.*) Devine then forcefully washed her and digitally penetrated her vagina multiple times. (*Id.*) DH told Swanderski that she was frightened of Devine and did not consent to these acts. (*Id.*) DH did not attempt to physically fight Devine because he was much stronger. (*Id.*) DH also told Swanderski that, since November 2007, Devine forced her to perform fellatio every other day. (*Id.*) Devine was typically intoxicated and aggressive during these incidents. (*Id.*)

The Michigan Court of Appeals set forth the following additional relevant facts:

> The victim testified that defendant "never forced [her] to have sex." However, she admitted that he "force[d] his fingers into [her] vagina" during the sitz-bath incident. She claimed that he stopped the sitz bath after she asked him to do so. She admitted that she had previously accused defendant of forcibly penetrating her mouth and vagina and had written a statement describing the incidents. She stated that she retracted those statements because "I want him to have his life back." The victim testified that defendant "can be mentally abusive to me. But after eighteen years, you get used to it."
>
> Alison Hoffman, the victim's daughter-in-law, testified that she had witnessed defendant being "[v]ery verbally sexually abusive" towards the victim and demanding sex. Testifying for impeachment purposes, Hoffman stated that the victim told her, at various times, that

>defendant had forced her to have sex. According to Hoffman, the victim told her that defendant had been so aggressive with her one time during sex that the victim's cervix was torn and required surgery. Karen Maldonado, a friend of the victim, testified that she, too, observed defendant being verbally and mentally abusive towards the victim. Maldonado, testifying for impeachment purposes, stated that the victim told her multiple times that defendant had forced her to have sex with him.

*People v. Devine*, No. 294568, 2010 WL 4673656, at *2 (Mich. Ct. App. Nov. 18, 2010).

On July 31, 2009, a jury in the Circuit Court for Oakland County found Devine guilty of three counts of third-degree criminal sexual conduct in violation of Michigan Compiled Laws § 750.520d(1)(b) (sexual penetration of another person, using force or coercion). (*See* ECF No. 13-5 at Pg ID 250.) On August 24, 2009, the trial court sentenced Devine as a fourth habitual offender to three concurrent terms of twenty-five to forty years in prison. *Devine*, 2010 WL 4673656, at *1.

Devine filed an appeal in the Michigan Court of Appeals claiming that the evidence was insufficient to support his convictions and that his sentence was cruel and unusual punishment. (*See* ECF No. 13-14 at Pg ID 358-359.) In a *pro se* supplemental brief, Devine argued that his trial attorney was ineffective for failing to move to suppress inadmissible evidence and that the trial court violated his right to due process by failing to give a proper cautionary jury instruction and by empaneling an anonymous jury. (*Id.* at Pg ID 423.) The Michigan Court of

Appeals rejected these claims on direct appeal and affirmed Devine's convictions and sentence. *See Devine*, 2010 WL 4673656.

Devine raised the same claims and four new issues in an application for leave to appeal in the Michigan Supreme Court. (*See* ECF No. 13-15 at Pg ID 450-476.) On April 25, 2011, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented. *See People v. Devine*, 796 N.W.2d 88 (Mich. 2011).

On July 16, 2012, Devine filed a habeas corpus petition through counsel and a motion to hold his petition in abeyance so that his attorney could file a motion for relief from judgment in the state trial court. (ECF Nos. 1, 2) The Court granted Devine's request to stay these habeas proceedings and closed this case for administrative purposes. (ECF No. 3.)

Devine filed a motion for relief from judgment in the state trial court, arguing that the Michigan sentencing guidelines were miscalculated, he was sentenced on facts not proven to a jury, and he was denied effective assistance of counsel. The state trial court denied Devine's motion, and the Michigan Court of Appeals denied his delayed application for leave to appeal. *People v. Devine*, No. 345387 (Mich. Ct. App. Jan. 16, 2019). On July 29, 2019, the Michigan Supreme Court denied leave to appeal. *People v. Devine*, 504 Mich. 946 (Mich. 2019).

On August 26, 2019, Devine returned to federal court and filed a new pro se habeas corpus petition, which was then refiled under the above-case caption and resulted in this matter being reopened.[1] (*See* ECF No. 7.) The petition raises these claims:

> I. The trial court erred in scoring OV 7, depriving defendant of his constitutional due process rights including the right to be sentenced according to accurate factual information and appellate counsel was ineffective for not raising the issue.
>
> II. The trial court erred in scoring OV 4, depriving defendant-appellant of his constitutional due process rights, being sentenced according to accurate factual information, and appellate counsel was ineffective.
>
> III. Appellant is entitled to resentencing because the trial court erred in sentencing on the basis of facts not proven to a jury beyond a reasonable doubt, in violation of the Sixth and Fourteenth Amendments.
>
> IV. Appellant was denied his constitutional right to the effective assistance of counsel where trial court raised the statutory guideline scoring issues in arguments I, and II, but failed to raise due process grounds . . . Appellate counsel also failed.
>
> V. My state appointed defense attorney was ineffective by not interviewing my kids, thus I was denied my right to counsel to investigate.
>
> VI. My state appointed trial lawyer was ineffective by not calling any witnesses. Failing to call actual eyewitness to testify deprived me of my constitutional right to substantial defense.

---

[1] Up to this point, the case was assigned to the late Honorable Avern Cohn. Upon Judge Cohn's retirement, the matter was assigned to the undersigned.

(ECF No. 6.) Respondent filed an answer in opposition arguing that Devine's first, second, fifth and sixth claims are procedurally defaulted and his third claim is barred by the non-retroactivity doctrine.[2]

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs

---

[2] Respondent first moved to dismiss the petition under the applicable statute of limitations but the Court denied Respondent's motion. (ECF No. 15.)

when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

AEDPA "imposes a highly deferential standard for evaluating state-court rulings," and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). This presumption is rebutted only with clear and convincing evidence. *Id.* Moreover, for claims adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. Discussion

#### A. Scoring of Offense Variables (Claims I and II)

Devine's first two claims concern the scoring of offense variables. He argues that the trial court improperly scored 10 points for offense variable 4 (OV

7

4) and 50 points for offense variable 7 (OV 7).  OV 7 is scored at 50 points when the victim "was treated with sadism, torture, excessive brutality or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense."  Mich. Comp. Laws § 777.37(1)(a).  OV 4 is scored at 10 points if the victim suffered a "[s]erious psychological injury requiring professional treatment."  Mich. Comp. Laws § 777.34.

A challenge to a state court's interpretation and application of Michigan's sentencing guidelines is a state law issue not cognizable on federal habeas corpus review.  *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003).  And "federal habeas corpus relief does not lie for errors of state law."  *Id.* (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).  Thus, Devine's claim that the trial court erred when it scored OV 4 and 7 is not cognizable on federal habeas review.

Devine briefly asserts that he was deprived of his right to be sentenced on the basis of accurate information.  (ECF No. 6 at Pg ID 23.)  A sentence based on "extensively and materially false" information which the defendant had no opportunity to correct may state a federal due process violation.  *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also United States v. Tucker*, 404 U.S. 443 (1972); *Arnett v. Jackson*, 393 F.3d 681, 686 (6th Cir. 2005).  Devine does not provide any further argument in support of this claim.  He does not identify the

allegedly false information or state any other relevant facts. He, therefore, fails to show he was sentenced on the basis of inaccurate information.

### B.  Judicial Factfinding (Claims III and IV)

As another basis for habeas corpus relief, Devine argues that the trial court improperly violated his Sixth and Fourteenth Amendment rights by basing his sentence on facts neither admitted by him nor proven beyond a reasonable doubt. He also claims that trial counsel was ineffective for failing to raise this claim at sentencing and that appellate counsel was ineffective for failing to raise it on direct review.

Under the Sixth Amendment and the Fourteenth Amendment's due process clause, any fact that increases a mandatory minimum sentence must be submitted to a jury and proved beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. 99, 111-12 (2013). In *People v. Lockridge*, the Michigan Supreme Court held that, under *Alleyne*, the mandatory application of Michigan's sentencing guidelines was unconstitutional. 870 N.W.2d 502, 518-19 (2015). The trial court, the last state court to issue a reasoned opinion addressing this claim, denied Devine relief because *Lockridge* was not retroactively applicable to cases on collateral review.

Devine was sentenced on August 24, 2009. His conviction became final in 2011, well before *Alleyne* and *Lockridge* were decided. *Alleyne* does not apply retroactively to cases on collateral review. *In re Mazzio,* 756 F.3d 487, 491 (6th

9

Cir. 2014). Similarly, the Michigan Supreme Court limited *Lockridge's* "retroactive effect to cases pending on direct review." *Davis v. Maclaren*, No. 17-1876, 2018 WL 539832, at *1 (6th Cir. Jan. 5, 2018). Devine is not entitled to relief on this claim.

Devine argues that trial counsel was ineffective for failing to raise this claim on direct review. To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The state court held that counsel was not ineffective in failing to raise a meritless claim. (ECF No. 13-13 at Pg ID 349-350.) The trial court's decision is a reasonable application of *Strickland*. *See Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020) ("The failure to raise a meritless claim does not constitute ineffective assistance of counsel."). For the same reason – that counsel is not ineffective for failing to advance a meritless claim – appellate counsel was not ineffective for failing to raise this claim on direct review.

### C. Ineffective Assistance of Counsel (Claims V and VI)

Devine's fifth and sixth claims concern the assistance of counsel. He claims that trial counsel was ineffective for failing to interview his children because they were eyewitnesses and for failing to call any witnesses. He also claims that appellate counsel's failure to raise these claims on direct review was ineffective.

Respondent argues that these claims are procedurally defaulted. The Court finds that the claims are unexhausted and, because no avenue remains for state court exhaustion of these claims, they are procedurally defaulted.

A prisoner seeking federal habeas relief must first exhaust his state court remedies by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Prather v. Rees*, 822 F.2d 1418, 1420, n.3 (6th Cir. 1987).

Devine raised these claims for the first time on collateral review in his application for leave to appeal filed in the Michigan Supreme Court. Presentation of a claim for the first time to the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement. *Hickey v. Hoffner*, 701 F. App'x 422, 425 (6th Cir. 2017). Devine can no longer exhaust these claims because he already filed a motion for relief from judgment in the state trial court and does not argue that his claims fall within the narrow exception to the prohibition against filing successive motions for relief from judgment in state court. *See* Mich. Ct. R.

6.502(G). Where a petitioner "fails to present his claims to the state courts and . . . is barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust." *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995). Instead, Devine's claims are procedurally defaulted and will not be considered unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that failure to consider his claims will result in a fundamental miscarriage of justice. *Id.*

Devine asserts ineffective assistance of appellate counsel as cause to excuse his default. While ineffective assistance of appellate counsel might explain Devine's failure to raise these claims on direct appeal, it does not excuse Devine's own failure to fully present these claims on state court collateral review. *See Gadomski v. Renico*, 258 F. App'x 781, 784 (6th Cir. 2007) (explaining that ineffective assistance of counsel on collateral review does not establish cause because "there is no right under the federal Constitution to the effective assistance of collateral counsel"); *see also Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005). Devine cannot attribute his failure to raise these claims in his motion for relief from judgment or in his application for leave to appeal to the Michigan Court of Appeals to appellate counsel.

Accordingly, these claims are procedurally defaulted and barred from review unless Devine can establish that a constitutional error resulted in a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995). The Supreme Court has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. *Id*. To make a showing of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." *Id.* at 327. Devine fails to present new, reliable evidence in light of which no reasonable juror would have found him guilty. Therefore, these claims are procedurally barred.

Moreover, even assuming the claims are not procedurally defaulted, Devine is not entitled to relief. Devine argues that had defense counsel interviewed and called his children to testify the jury would have heard important eyewitness testimony which would "completely debunk" the prosecutor's case. (ECF No. 6 at Pg ID 29.) Devine also vaguely references counsel's failure to call "any witness" but it is unclear whether this references his children or other unidentified witnesses. (*Id.*)

Defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *Strickland*, 466 U.S. at 690-91. But a conclusory or speculative argument that counsel should have done more with no supporting

13

evidence or offer of proof is insufficient to warrant habeas relief. *Wogenstahl v. Mitchell*, 668 F.3d 307, 335-36 (6th Cir. 2012) ("[C]onclusory and perfunctory . . . claims of [ineffective assistance of counsel] are insufficient to overcome the presumption of reasonable professional assistance and are insufficient to warrant habeas relief."). Devine fails to provide any support for his contention that counsel failed to investigate or that his children (or other unidentified potential witnesses) would have testified favorably. His speculative, conclusory claims are insufficient to overcome the "strong presumption" that counsel rendered effective assistance. *Strickland*, 466 U.S. at 689.

## IV. Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

proceed further." *Miller-El*, 537 U.S. at 336 (2003) (internal quotes and citations omitted).

Jurists of reason could not debate the conclusion that Petitioner fails to demonstrate an entitlement to habeas relief. A certificate of appealability is denied.

The Court grants Petitioner leave to appeal in forma pauperis because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner may proceed in forma pauperis on appeal if he chooses to appeal this decision. 28 U.S.C. § 1915(a)(3).

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 13, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 13, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager